# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-cr-30061 |
| ) | |
| TERRELL PICKETT, ) | |
| ) | |
| Defendants. ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Terrell Pickett's Motion to Reconsider Detention Order (d/e 13) (Motion). For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On October 5, 2021, the Grand Jury indicted Pickett on a single charge of distribution of 50 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Indictment (d/e 1).

On October 21, 2021, the Court conducted a detention hearing for Pickett. After considering the information and arguments presented at the detention hearing, the Court ordered that Pickett be held without bond. Minute Entry entered October 21, 2021; Order of Detention (d/e 14). The Court found that the evidence against Pickett was strong and showed that

Pickett was engaged in the ongoing distribution of methamphetamine at the time of his arrest.  In addition, after June 9, 2021, the date of the offense in the Indictment, Pickett was arrested with a firearm and methamphetamine on one occasion and with methamphetamine on another.  Pickett agreed to cooperate with the Government but failed to follow through with his cooperation and continued to distribute methamphetamine.  Pickett also failed to appear in state court in August 2021 on unrelated methamphetamine charges.  The drug trafficking charge against Pickett in the Indictment also raised a rebuttable presumption of detention.  The Court found that no conditions or combinations of conditions can ensure the safety of the community nor ensure the appearance of the defendant at further judicial proceedings.  <u>Order of Detention</u> ¶¶ 1-9.

     Pickett now asks the Court to release him on bond because he has secured an inpatient residential substance abuse treatment placement at the Gateway Center in Springfield, Illinois.  The Defendant has tendered a typewritten unsigned statement of the Defendant's mother, Rhonda Jones.  Upon completion of his drug rehabilitation treatment, he proposes to live under home confinement with his mother in Springfield, Illinois.  Jones agrees to act as third-party custodian for Pickett during home confinement.  <u>Motion</u>, at 1.

The Government opposes the Motion. The Government notes Pickett's failure to comply with his cooperation agreement by continuing to distribute methamphetamine. The Government notes that Pickett is now clean and sober while in pretrial detention and will remain clean and sober if he remains in detention. The Government argues that Pickett will have the opportunity to use controlled substances if he is released from detention. In light of these factors and the strength of the case against Pickett, the Government opposes reconsideration.

ANALYSIS

This Court may reconsider the Bond Conditions Order if information not known to Pickett at the time of the detention hearing has a material bearing on the issue of whether changes in the conditions of release will reasonably assure Pickett's appearance in this case and the safety of any other person in the community. 18 U.S.C. § 3142(f). Pickett has presented new information that he has secured a placement in a residential drug treatment facility, and his mother has agreed to let him live in home confinement with her in her residence in Springfield, Illinois, and to act as third-party custodian for Pickett. After careful consideration, the new information provided by the Defendant does not show that conditions of

release exist that can ensure the safety of the community nor ensure the appearance of the defendant at further judicial proceedings.

In determining whether conditions of release will reasonably assure Pickett's appearance in this case and the safety of any person in the community, this Court must consider the following factors:

> **(g) Factors to be considered –** The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> > **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > **(2)** the weight of the evidence against the person;
> >
> > **(3)** the history and characteristics of the person, including-
> >
> > > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > >
> > > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

The new information does not change the nature of the charge against Pickett, the weight of the evidence against Pickett, or Pickett's history and characteristics. Placement in a residential treatment facility may affect the danger to the community by releasing Pickett on bond, but only minimally. Further, Pickett failed to live up to his agreement to cooperate with the Government and allegedly continued distributing methamphetamine while under that agreement. He also failed to appear in a state criminal proceeding, and he was arrested twice with methamphetamine in his possession after the offense alleged in the Indictment. At one of the two arrests, Pickett also possessed a firearm while his FOID card was revoked. In addition, Pickett's mother Rhonda Jones states that Pickett successfully hid his drug trafficking activity from her prior to this arrest. The Probation Office has not had Jones tendered to

assess her qualifications to act as third-party custodian after Pickett's completion of drug treatment.  Jones states that she was in some trouble herself in the past, but details have not been provided to the Court or the Probation Office.  The Pretrial Services Report indicates Jones has part-time employment outside of her home.  Given Pickett's recent willingness to violate his cooperation agreement and a court order, his recent possession of methamphetamine and a firearm, and his ability to hide drug trafficking activities from his mother, the conditions of release proposed in the Motion will not reasonably assure Pickett's appearance in this case and the safety of any person in the community.

Based upon the charge against the Defendant, there is rebuttable presumption for detention.  The Seventh Circuit has stated that, even if the presumption is rebutted by some evidence, it remains in the case as an evidentiary finding militating against release to be weighed along with other evidence.  United States v. Dominquez, 783 F.2d 702, 707 (7th Cir., 1986).

Finally, Pickett has achieved sobriety in custody.  The Court agrees with the Government that the only way Pickett will have the opportunity to use or distribute controlled substances pending the outcome of this case is if he is released from detention.  Pickett has failed to present sufficient grounds to justify reconsidering his detention.

THEREFORE, IT IS ORDERED that Defendant Terrell Pickett's Motion to Reconsider Detention Order (d/e 13) is DENIED.

ENTER: October 28, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE